[742 NYS2d 202]

In the Matter of NEAL S. FACTOR (Admitted as NEAL STEVEN FACTOR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 25, 2002

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Neal S. Factor was admitted to the practice of law in the State of New York by the Second Judicial Department on October 1, 1980, under the name Neal Steven Factor, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order suspending respondent from the practice of law effective immediately and until further order of this Court (22 NYCRR 603.16 [c]; 603.4 [e] [1] [i]), staying the hearing on pending disciplinary charges and directing that respondent be examined by a physician appointed pursuant to this Court's order to determine whether he is suffering from a mental or physical disability which makes it impossible for him to adequately defend himself.

Formal charges were filed against him on October 30, 2001, which he answered. Subsequently, a second complaint was received regarding respondent's handling of a client's funds. By letter dated November 16, 2001, the Departmental Disciplinary Committee requested respondent's production of records relating to this latter complaint and an accounting of the funds. By a December 6, 2001 letter, respondent, explaining that he had been in a deep depression since his father's recent death for which he was receiving medical treatment resulting in gradual benefits, requested a two-week extension. The letter also provided some of the particulars of the underlying matter, indicating that he had personally assumed responsibility for a default by a third party that had consumed some of the assets of a modest sized inter vivos estate and that he had been satisfying this responsibility in increments when his illness interfered. We granted the Departmental Disciplinary Committee an extension of time within which to commence the hearing until March 11, 2002. By letter dated December 27, 2001, respondent was asked to respond to the complainant's reply to respondent's answer to the later set of charges, was reminded that his production of the requested documents was late, and was advised that the investigation would continue in the meantime and that he would have to be deposed. Around that time, the Departmental Disciplinary Committee received verbal information from an attorney indicating that respon-

dent had been hospitalized. Respondent's sister, also an attorney, in requesting to stay the proceeding, informed the Committee in writing that he had been temporarily hospitalized on December 17, 2001 with a serious neurological condition, which she further elaborated upon, and she directed the Departmental Disciplinary Committee to his physicians for verification. By letter dated January 23, 2002, the Departmental Disciplinary Committee advised respondent that if he was unable to proceed he must provide confirmation of his medical condition and that a motion might be brought to suspend him from the practice of law and direct an examination by a court-ordered physician. Respondent's sister responded that he was unable to proceed, that he was retaining counsel and that he requested a suspension of the proceeding. Medical releases, though promised, were not provided. Notably, some medical letters evincing some aspects of a medical condition had been previously submitted in connection with the prior complaint, but no response has yet been received from respondent in connection with his present request that the current proceeding be suspended.

The Departmental Disciplinary Committee concludes that notwithstanding the absence of competent medical proof of respondent's current medical condition, sufficient information has been submitted to indicate that respondent's lack of cooperation may be a result of a physical or mental disability. However, the Committee will still need to depose respondent in connection with the investigation or to amend the current charges. Moreover, in the absence of competent medical proof submitted by respondent, the Committee requests examination by a court-appointed physician to determine if he is fit to proceed and to stay the hearing until such a determination can be made.

On the basis of all these facts and circumstances, and in view of some manifestation of respondent's failure to fully cooperate, though also with sensitivity to some information regarding possible medical infirmities, we grant the application to the extent of suspending respondent from the practice of law, effective immediately and until further order of this Court, predicated on his failure to cooperate (22 NYCRR 603.4 [e] [1] [i]). However, we note that the predicate for the suspension can be converted into one based on a mental or physical disability subsequent to, and depending on the results of, his examination by a physician to be appointed pursuant to the order of this Court.

Hence, we also direct that respondent be examined by a physician to determine whether he is suffering from a mental

or physical disability which makes it impossible for him to adequately defend himself in this proceeding, direct respondent to execute all appropriate documentation regarding his medical and hospitalization records to permit the release of such information to, and examination by, the appointed physician and to further allow discussions regarding respondent's medical condition between such physician and respondent's own treating physicians. We stay the Referee's hearing on these disciplinary charges until such time as a determination can be made regarding his fitness to proceed.

WILLIAMS, P.J., TOM, SAXE, RUBIN and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until the further order of this Court; Referee's hearing on disciplinary charges stayed until determination of respondent's fitness to proceed, all as indicated.